UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LINDA SMILEY,**

        **Plaintiff,**

**v.**                                                            Case No:   6:17-cv-257-Orl-41GJK

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

___

## REPORT AND RECOMMENDATION

Linda Smiley (the "Claimant"), appeals from a final decision of the Commissioner of Social Security (the "Commissioner"), denying her application for Social Security disability insurance benefits. Doc. No. 1. Claimant alleges a disability onset date of August 25, 2011. R. 178. It is recommended that the Commissioner's final decision be **AFFIRMED**.

Claimant's arguments for reversing the decision of the Administrative Law Judge ("ALJ") are difficult to discern. The issue raised in the parties' joint memorandum is stated as the following, "Whether substantial evidence supports ALJ Porter[']s credibility assessment in this matter[.]" Doc. No. 19 at 11. Rather than Claimant's argument as to why substantial evidence does not support the ALJ's credibility determination, what then follows is an essay by Claimant on the meaning of the word "disability," the steps in the five-step sequential evaluation process for determining whether an individual is disabled,[1] and a discussion of the Medical-Vocational Guidelines. Doc. No. 19 at 11-21.

Following this discussion, Claimant addresses the credibility issue and makes four

___

[1] See *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), for an explanation of the five steps.

arguments. First, Claimant argues that no reasonable person could conclude that Claimant would decide not to work anymore earning "$45,492.9 a year and would apply for Social Security Disability benefits, that would pay her $18,000 a year, instead." *Id.* at 21. Claimant's second argument is that the evidence does not support finding Claimant capable of full time employment. *Id.* at 22. Claimant's third argument is that it is irrelevant whether Claimant could work two or three days a week. *Id.* Claimant's fourth and final argument is that "there is little or no relationship between the ability to perform activities of daily living and the ability to maintain employment." *Id.* The only evidence Claimant cites to in the record supporting her credibility arguments are her earnings records. *Id.* at 21. Additionally, the only law she cites relates to whether she need only show that she cannot perform full time work. *Id.* at 22.

It is not the Court's responsibility to find arguments and law supporting Claimant's position. *Reese v. Herbert*, 527 F.3d 1253, 1268 (11th Cir. 2008) ("judges are not like pigs, hunting for truffles buried in briefs" (quoting *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir.2003)). Claimant fails to demonstrate how the ALJ's credibility determination was not supported by substantial evidence. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991) (district court will affirm if the Commissioner's decision is supported by substantial evidence).

Additionally, the ALJ's credibility determination is supported by substantial evidence. The ALJ stated the following:

> In assessing the claimant's credibility, she reported that she lives alone and performs a wide array of daily activities, including taking care of her personal needs and performing household chores independently, which can be rather demanding. These activities are not the type expected from a totally disabled individual.
>
> The medical record is scant and the claimant has not received much care for her allegedly disabling symptoms. Additionally, the care that the claimant has received during the relevant time period has been routine and conservative and not the type expected for a totally

>     disabled individual. Moreover, no treating source has stated that the
>     claimant cannot work or has issued greater restrictions than those in
>     the established residual functional capacity.

R. 22. At the hearing, Claimant testified that she drove three to four times a week and drove the forty minutes it took to attend the hearing. R. 34. She goes to the library and reads the paper, makes her dinner, does the dishes and the laundry, cleans her house, pays her bills, and grocery shops. R. 44-45. The medical record dated November 28, 2012, by Dr. Matthew J. Ben, M.D., states that her symptoms were being controlled with medication. R. 280. After Claimant's visit on October 10, 2013, Dr. Michael Kohn recorded that she was moderately limited in activities.[2] R. 300. Although the record contains a surgical history for Claimant of six different procedures, R. 321, there are no recommendations that Claimant not work or any restrictions on her activities in the record from treating or examining physicians.

The ALJ's credibility determination is supported by substantial evidence, and Claimant fails to show otherwise. Accordingly, it is **RECOMMENDED** that:

1. The final decision of the Commissioner be **AFFIRMED**; and

2. The Clerk be directed to enter judgment for the Commissioner and close the case.

The parties have fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the

---

[2] The ALJ assigned Claimant a residual functional capacity of sedentary work with additional restrictions. R. 20.

district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**DONE** and **ORDERED** in Orlando, Florida, on February 5, 2018.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

N. Albert Bacharach, Jr., Esq.
N. Albert Bacharach, Jr., P.A.
4128 NW 13th Street
Gainesville, FL 32609-1807

W. Stephen Muldrow
Acting United States Attorney
John F. Rudy, III
Assistant United States Attorney
400 N. Tampa St.
Suite 3200
Tampa, FL 33602

Malinda Hamann, Acting Regional Chief Counsel, Atlanta
John C. Stoner, Acting Deputy Regional Chief Counsel
Brian Seinberg, Branch Chief
Laura Verduci, Assistant Regional Counsel
Social Security Administration
Office of the General Counsel
Atlanta Federal Center
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303

The Honorable Bernard Porter
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc
8880 Freedom Crossing Trail
Jacksonville, FL 32256-1224